

**JaffeGlenn**
law group, p.a.

33 State Road, Suite A-1, Princeton, NJ 08540
Tel: (201) 687-9977   Facsimile: (201) 595-0308   Toll: (866) 216-4124
Florida ● New Jersey ● New York

February 21, 2020

**VIA CM/ECF**
Honorable Magistrate Judge Leda Dunn Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:   Pulido, Zacasari and Diaz v. Fredco Landscaping, Co., Lembo and Lembo
        Docket No.: 2:17-cv-04470-SDW-LDW

Dear Judge Wettre:

We represent Plaintiffs MARTIN PULIDO, JORGE ZACASARI, and JUAN DIAZ, in this matter. Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs and Defendants FREDCO LANDSCAPING, CO., FREDCO SPORTS, LLC, FREDCO PROPERTIES, LLC, THE FREDCO GROUP, LLC, FREDCO LAWNCARE, LLC, GRINDING SERVICES, LLC, and all other affiliated Entities and/or Joint Employers, FRANK LEMBO, individually, and JASON LEMBO, individually, (Plaintiffs and Defendants collectively, the "Parties") submit this joint letter motion requesting the Court to approve the Parties' proposed Settlement Agreement and Release (the "Settlement Agreement") (Exhibit A), and to dismiss this case with prejudice.

### PROCEDURAL HISTORY

By way of background, on June 19, 2017, a Collective Action Complaint was filed against Defendants, seeking damages for violations of the overtime provisions of the FLSA and analogous New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a et seq. ("NJWHL). On February 17, 2018, an Amended Complaint was filed adding Defendants as well as adding claims for relief under New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA"). Since the commencement of this action, there has been substantial litigation

including, but not limited to, Defendants consenting to Conditional Certification and Notices being sent out to a putative class of approximately forty (40) potential opt-ins. Mr. Zacasri and Mr. Diaz then opted into this matter. In an attempt to resolve this matter, Defendants produced over 200 pages of documents. The parties engaged in formal discovery and then attended a mediation with the Honorable Judge Leda Wettre, U.S.M.J. The parties made progress towards reaching a settlement, but were unable to do so at the settlement conference. However, after a few months of further negotiations, the parties resolved this matter.

## DISPUTED LEGAL ISSUES AND STANDARD FOR APPROVAL

The major issue of contention in this case is whether the Named Plaintiff Martin Pulido worker more than forty (40) hours in a work week, and whether he was misclassified as exempt from the overtime requirements of the FLSA, pursuant to 29 U.S.C. §213(b)(1) of the Act, or the Motor Carrier Exemption to the FLSA, and more specifically, whether Mr. Pulido was an exempt foreman, or rather a working foreman that was entitled to overtime pay.

To avoid the costs associated with further litigation and the uncertainty of same, the Parties wish to fully and finally resolve all of Plaintiffs' claims in this action now. Therefore, the Parties seek the Court's approval of this settlement in accordance with the requirements of the FLSA and the decision of *Lynn's Food, supra*. Within this Circuit, district courts are applying the *Lynn's Food* factors in considering approval of FLSA claim settlements. *See Bettger v. Crossmark, Inc.* No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015); *Davis v. Essex County*, No. 14-CV-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015). That is, when reviewing a proposed settlement in a FLSA action, courts must find (1) a fair and reasonable resolution of (2) a bona fide dispute. *See Lynn's Foods*, 679 F.2d at 1354; *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337 at *2 (D.N.J. Mar. 26, 2012); *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745 at *18 (D.N.J. Apr. 8, 2011).

For the reasons set forth below, the settlement reached by the Parties is a fair and reasonable resolution of a bona fide dispute and should be approved.

### A. A Bona Fide Dispute Exists Between the Parties

A bona fide dispute exists between the parties as to liability and damages. A proposed settlement resolves a bona fide dispute where its terms reflect a reasonable compromise over issues that are actually in dispute. *Lynn's Food*, 679 F.2d at 1355. Plaintiffs allege that they are entitled to overtime and Defendants deny same, maintaining that Plaintiff Pulido is exempt from the overtime requirements of the FLSA and the NJWHL, and that he and the other Plaintiffs were paid all monies that they were owed.

Thus, in addition to the dispute over liability, the time records produced by the Defendant were incomplete and is was necessary to review and analyze the records to extrapolate for the missing records. The majority of the records for the period in question were produced by Defendants. The overtime hours worked by each Plaintiff varied week to week. Calculations were performed the relevant time period. Based on Defendant's records, if Plaintiffs succeeded at trial, they may have yielded a recovery as follows: Martin Pulido is owed a total of 170.85 hours of

overtime, (Mr. Pulido was paid for only 40 hours each week), therefore, he is owed a rate of $34.00 per hour, totaling $5,808.00 multiplied by 2 for liquidated damages, for a total of $11,700.00; Jorge Zacasari is owed for approximately 103.5 hours of overtime at the rate of $8.00 per hour, $830.00, multiplied by 2 for liquidated damages for a total owing of $1,700.00, and Juan Diaz is owed for approximately 120.50 hours of overtime at the rate of $8.00 per hour, $964.00, multiplied by 2 for liquidated damages for a total owing of $1,950. Therefore, all Plaintiffs received 200 % of their damages.

Having first determined that the settlement concerns a bona fide dispute, courts will conduct a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employees, and (2) the agreement furthers the FLSA's implementation in the workplace. *See McGee v. Ann's Choice, Inc.*, No. 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014); *Lynn's Food*, 679 F.2d at 1353; *Brumley*, 2012 WL 1019337 at *4. A court should approve the settlement only if it is reasonable to the employee and furthers implementation of the FLSA in the workplace. Id.

### B. The Settlement is a Fair and Reasonable Resolution of the Bona Fide Dispute

#### 1. The Settlement is Fair and Reasonable to the Plaintiff

The settlement to the Plaintiffs is fair and reasonable. In light of the uncertainty as to both liability and damages, Defendant and Plaintiff agreed to a compromise settlement, with liability for purposes of settlement only being assumed, and Plaintiff agreeing to Defendant's time records for a damage calculation. Based on these records, a 200 % recovery was paid to all Plaintiffs.

Further, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1353-54; *Bredbenner*, 2011 WL 1344745 at *18. Like other jurisdictions, the Third Circuit recognizes a strong public policy in favor of settlement. *See Farris v. J.C. Penney*, 176 F.3d 706, 711 (3d Cir. 1999). Indeed, "settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).

Accordingly, the settlement is fair and reasonable.

#### 2. The Settlement Does Not Frustrate the Implementation of the FLSA in the Workplace

Once the settlement is deemed fair and reasonable, courts must then consider "whether the agreement furthers or frustrates the implementation of the FLSA in the workplace." *See Lynn's Food, 679 F.2d* at 1353; *Brumley*, 2012 WL 1019337, at *4. A settlement does not frustrate the purposes of the FLSA where a defendant continues to deny liability. See Gabrielyan v. S.O. Rose Apts. LLC, No.15-1771, 2015 U.S. Dist. Lexis 135615, at *6 (D.N.J. Oct. 5, 2015). Here, the settlement agreement expressly notes that Defendant does not admit to any liability

3

and contends that Plaintiff was exempt from receiving overtime pay. (Settlement Agreement, at second Whereas clause and at ¶6). As also noted above, there is a bona fide dispute relating to Plaintiff's claims and given the risks involved, the settlement represents a fair and reasonable compromise. Therefore, the Settlement Agreement does not frustrate implementation of the FLSA in the workplace.

For the foregoing reasons, the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties that does not frustrate implementation of the FLSA in the workplace and should be approved.

### C. The Compromise for Attorneys' Fees and Costs Should Be Approved as Fair and Reasonable

In the instant case, the Defendant has agreed to pay the compromise sum of $24,65.00, to resolve Plaintiff's claims for attorneys' fees and costs. The fees incurred by counsel in this matter are in excess of $45,000.00, and costs in the amount of $450.00. The resolution of fees in this matter is approximately a 46 % reduction of the total fees incurred from the inception of this case in June, 2017. The extent of reduction of Plaintiffs' attorney's fees demonstrates the reasonableness of the overall compromise in this matter.

### CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court (a) approve the Settlement and Release Agreement; and (b) dismiss this action, with prejudice.

Respectfully Submitted,

/s Andrew I. Glenn
Andrew Glenn, Esq.

Joined by Defendant Fredco Landscaping Co.,*et.al.* and Jason Lembo and Frank Lembo, Individually

*/s/Lisa C. Thompson*
Lisa C. Thompson, Esq.
Counsel for Defendants