UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN PULIDO, JORGE ZACASARI, and JUAN DIAZ,<br><br>Plaintiffs,<br><br>v.<br><br>FREDCO LANDSCAPING, CO., *et al.*,<br><br>Defendants. | Civil Action No.<br><br>17-4470 (LDW)<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF No. 65). The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment. (ECF No. 67).

### I.   Background and Procedural History

1.   The parties' proposed settlement resolves all claims in the action entitled *Pulido v. Fredco Landscaping, Co., et al.*, Civ. A. No. 17-4470 (LDW), which is currently pending before this Court.

2.   Plaintiff Martin Pulido commenced this putative collective action on June 19, 2017, alleging that defendant failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"). (Complaint, ECF No. 1). Defendants answered the complaint on August 29, 2017. (ECF No. 5).

3.   On February 7, 2018, plaintiff filed an amended complaint against additional defendants and asserted new claims for relief under the New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56.25, *et seq.* (ECF No. 17). Defendants answered on April 18, 2018. (ECF No. 22).

4. By consent order entered July 13, 2018, a collective class was conditionally certified pursuant to 29 U.S.C. § 216(b) and notice of this action was sent to approximately 40 potential opt-in plaintiffs. (ECF No. 35). Two plaintiffs, Jorge Zacasari and Juan Diaz, filed consents to join the lawsuit. (ECF No. 37).

5. The parties engaged in over a year of fact discovery relating to the merits of the claims asserted as well as class certification.

## II. Settlement Terms

6. The parties appeared for a settlement conference before the undersigned on September 11, 2019, during which they engaged in good faith, arms-length negotiations but did not reach a settlement in principle. The parties continued negotiations over the course of several months and ultimately agreed to a full settlement of plaintiffs' claims against defendants on an individual basis.

7. Plaintiffs submitted a proposed settlement agreement and joint motion for settlement approval on February 21, 2020. (ECF No. 65-1). Following a telephone conference with the undersigned later that day, the parties submitted a revised settlement agreement on March 18, 2020. (ECF No. 68-1).

8. The parties have agreed to settle this case for a total amount of $40,000.00 as follows:

   a. The parties have agreed that if plaintiff Martin Pulido were to prevail in this action, his maximum recovery for unpaid overtime wages and liquidated damages would not exceed $11,700.00. Accordingly, the parties have agreed to settle Mr. Pulido's unpaid wage claims for $11,700.00.

    b. The parties have agreed that if plaintiff Jorge Zacasari were to prevail in this action, his maximum recovery for unpaid overtime wages and liquidated damages would not exceed $1,700.00. Accordingly, the parties have agreed to settle Mr. Zacasari's unpaid wage claims for $1,700.00.

    c. The parties have agreed that if plaintiff Juan Diaz were to prevail in this action, his maximum recovery for unpaid overtime wages and liquidated damages would not exceed $1,950.00. Accordingly, the parties have agreed to settle Mr. Diaz's unpaid wage claims for $1,950.00.

    d. Finally, defendants have agreed to pay $24,650.00 in attorneys' fees to Jaffe Glenn Law Group, P.A.

### III.    Approval of Settlement

9. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

10. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

11. Here, the settlement resolves a bona fide dispute over whether plaintiff Martin Pulido was properly classified as an exempt foreman. Plaintiff alleged that he worked as a non-

exempt foreman and was therefore entitled to overtime pay. Additionally, the parties dispute whether plaintiffs worked sufficient weekly hours to entitle them to overtime pay.

12. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

13. The Court finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages. *See Rabbenou v. Dayan Foods, Ltd.*, Civ. A. No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017).

14. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

15. Finally, the majority of the terms in the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not include a confidentiality clause. *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees.").

16. The settlement agreement does include a mutual non-disparagement clause, but as it does not preclude plaintiff from discussing the terms of the settlement agreement, "it is not so restrictive that it frustrates the purpose of the FLSA." *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015).

17. Paragraph 15 of the revised settlement agreement provides that

> Plaintiffs understand and agree that this Agreement settles, bars and waives all claims (with the exception of Plaintiff Pulido's pending workers' compensation claim) that Plaintiffs, their heirs, executors, administrators, fiduciaries, successors and/or assigns have or could possibly have against Released Parties as of the date of the execution of this Agreement.

(ECF No. 68-1). However, as general release provisions in FLSA settlement agreements are often rejected as overly broad, and as this provision is not supported by additional consideration, paragraph 15 is approved only to the extent it releases plaintiffs' present wage claims. *See Redden v. King's Corner Pub, LLC*, Civ. A. No. 16-6152, 2017 WL 4883177, at *3 (E.D. Pa. Oct. 27, 2017); *Howard v. Philadelphia Housing Auth.*, 197 F. Supp. 3d 773, 782 (E.D. Pa. 2016) (approving FLSA settlement terms except for "the overbroad release provisions, because they are neither fair nor reasonable in light of the FLSA's purpose and the Court's approval role"); *Bettger v. Crossmark, Inc.*, Civ. A. No. 13-2030, 2015 WL 279754, at *8 (M.D. Pa. Jan. 22, 2015) ("District courts reviewing proposed FLSA settlements may require litigants to limit the scope of waiver and release provisions to claims related to the specific litigation in order to ensure equal bargaining power between the parties." (quotation omitted)); *Brumley*, 2012 WL 1019337, at *8.

18. Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 68-1) with modification to paragraph 15, and approves the payments to be made to plaintiffs as set forth therein.

### IV.    Conclusion and Dismissal

19. The Court approves the terms and conditions of the settlement agreement.

20. The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

21.     This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

22.     The Clerk of Court is directed to terminate the motion at ECF No. 65 and mark this matter closed.

**It is SO ORDERED this 23rd day of March, 2020.**

<u>*s/ Leda Dunn Wettre, U.S.M.J.*</u>